MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Lori C. and Thomas P., the biological parents CT Page 4671 of the minor child, Tashina, born on November 26, 1991. Tashina was born with significant handicaps and is a medically fragile child, requiring constant care. At her present age of six, she is wheel chair bound, legally blind, profoundly retarded and cannot speak, although she uses some sign language. She was committed to the custody and care of the Department of Children and Families, hereafter "DCF", on June 13, 1995 as a neglected child. She has lived for the past nearly three years with the same foster parents, who assumed her difficult and demanding care. They are strongly committed to her and wish to adopt her, if the parents' rights are terminated.
Lori C., Tashina's mother, does not object to the termination of her parental rights and joins in the request to allow the child to be adopted. A Consent to Terminate Parental Rights was filed by her on April 3, 1998. Her consent was found to be voluntarily and knowingly made with the advice and assistance of competent legal counsel and with a full understanding of the consequences of her consent. The petition was amended to allege consent as the sole ground against her.
The court finds that the father has appeared during the pendency of the case, but not on the date set for the termination trial. He has a court-appointed attorney. The court has jurisdiction in this matter and there is no pending action affecting custody of the child in in any other court.
The court, having read the verified petition, the social study and the addendum, the various documents entered into evidence and heard the testimony of the case worker and the psychologist evaluator, Dr. Nancy Randall, makes the following findings by clear and convincing evidence:
The child was born on November 26, 1991 with significant medical problems. She was hydrocephalic and remains visually impaired and profoundly retarded. Although she is six years old, her functioning is at the level of a one-year old. She is the fourth of five children born to her mother and father, who never married. The parents have a long domestic violence history and Thomas P. has had an extensive substance abuse history, which dates back to his adolescence. He has a criminal record. There have been numerous restraining orders, drug charges and violation of probation orders. Most recently, he was incarcerated for approximately one year ending in November of 1997. He has not, in the years of DCF involvement, attended counseling or substance CT Page 4672 abuse or alcohol-education programs, not inquired about his daughter and her development, nor sent any cards or gifts nor made any financial provision for her. He attended no parenting education programs or family therapy sessions. While Lori C. has reunified with her other four healthy children and has had them returned to her care, Thomas P. has not taken any steps to prepare himself to be able to care for this medically fragile child. He has not seen her since her removal from her home in 1995, nor has he requested such contact. During the psychological evaluation in November of 1997, he admitted he would not be able to care of her.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights, the court finds, by clear and convincing evidence, that this child was previously found to be neglected on June 13, 1995. The mother has consented to the termination of her parental rights and this consent has been accepted by the court. The court further finds by the clear and convincing evidence that the biological father has abandoned his daughter, Tashina, and has also failed to achieve such a degree of personal rehabilitation as would encourage the belief that, within a reasonable time considering the age and needs of the child, he could assume a responsible position in her life. He has no ongoing relationship with his daughter. General Statutes § 17a-112 (c)(3)(A), (B) and (D). The court finds that these grounds have existed for more than one year since the filing of the termination petition on July 1, 1997.
With respect to the mandatory factual findings required by General Statutes § 17a-112 (e), they do not apply to the consenting mother.
1) The timeliness, nature and extent of services offered. The court finds that parental, counseling and substance abuse treatment services were offered, visitation was offered and foster care was provided by DCF.
2) Whether DCF has made reasonable efforts to reunite the family pursuant to the Adoption Assistance and Child Welfare Act of 1980. The parents had more than enough time to demonstrate their desire and concern for reunification and to achieve rehabilitation. The father failed to take advantage of the services offered him for rehabilitation and reunification. The CT Page 4673 court finds from the clear and convincing evidence that reasonable efforts were made.
3) The terms of applicable orders entered into and agreed to by any individual or agency and the extent of fulfillment of those obligations, etc. The court finds that while no expectations were set for the father, DCF caseworkers made the general requirements known to him and he did nothing to fulfill them, as fully described in the social study.
4) The feelings and emotional ties of the child with respect to the parents and foster parents, etc. The court finds that the child is bonded to her present foster family, and in particularly to her foster father, who has made possible the developmental and educational strides she has been able to achieve. She has no connection to her father, who has not visited her in years.
5) As to the age of the child. Tashina is six years old and has been in foster care for almost three years. She needs a permanent placement where her foster family can provide for her all-encompassing medical needs.
6) The efforts the parent has made to adjust his circumstances or conditions to make return of the child possible. The court finds that the father has been unsuccessful in making any meaningful attempt to adjust his circumstances, conduct or condition to facilitate reunification. The mother has consented to the termination of her rights.
7) The court finds that there has been nothing to prevent the parents from maintaining a meaningful relationship with the child.
DISPOSITION
Based upon the foregoing findings, the court determines that it is in Tashina's best interests for a termination of parental rights to enter with respect to her mother, Lori C., and her father, Thomas P., and the termination of their parental rights is ordered. It is further ordered that the Commissioner of Department of Children and Families is appointed the statutory parent for Tashina P. for the purpose of securing an adoptive family. If the foster parents are willing to adopt, it is the court's direction that they receive first consideration. The Commissioner shall file with this court no later than ninety days following the date of judgment a written report of efforts to CT Page 4674 effect such permanent placement and file further reports as are required by state and federal law.
Barbara M. Quinn, Judge Child Protection Session